[Cite as *In re D.H.*, 2014-Ohio-1496.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| IN THE MATTER OF: | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| D.H. | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. Craig R. Baldwin, J. |
| A DEPENDENT CHILD | : | |
| | : | |
| | : | Case No. 13-CA-92 |
| | : | |
| | : | O P I N I O N |

CHARACTER OF PROCEEDING:            Appeal from the Court of Common
                                    Pleas, Juvenile Division, Case No.
                                    F2011-0424

JUDGMENT:                           Reversed and Remanded

DATE OF JUDGMENT:                   April 8, 2014

APPEARANCES:

For Appellant                       For Appellee Job & Family Services

JOHN D. WEAVER                      JENNA E. JOSEPH
542 South Drexel Avenue             20 South Second Street, 4th Floor
Bexley, OH  43209                   Newark, OH  43055

For Mother                          Guardian ad Litem

SCOTT M. SIDNER                     MALLORY N. LAND
112 International Drive              3 North Third Street
Pataskala, OH  43062                Newark, OH  43055

*Farmer, J.*

{¶1} On July 22, 2011, appellee, Licking County Job and Family Services, filed a complaint for the temporary custody of D.H. born April 11, 2000, alleging the child to be dependent. Mother of the children is Jennifer Alkire; father is appellant, Richard Hunley.

{¶2} An adjudicatory/dispositional hearing before a magistrate was held on September 16, 2011. By judgment entry filed same date, the trial court approved and adopted the magistrate's decision finding the child to be dependent and awarding temporary custody of the child to appellee.

{¶3} On December 31, 2012, appellee filed a motion for permanent custody. On March 11, 2013, appellant filed a motion for legal custody of the child to be placed with the maternal aunt, Vicki Faller. Hearings before a magistrate were held on March 13, and July 17, 2013. By judgment entry filed September 4, 2013, the trial court approved and adopted the magistrate's decision filed same date, denying appellant's motion and granting permanent custody of the child to appellee.

{¶4} On September 18, 2013, appellant filed objections and also a motion for the preparation of the transcript. By judgment entry filed October 3, 2013, the trial court denied the objections, and awarded permanent custody of the child to appellee. By order filed same date, the trial court granted appellant's request for the preparation of the transcript, only if and when he filed a notice of appeal.

{¶5} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:

I

{¶6} "THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY DENYING APPELLANT A TRANSCRIPT FOR THE PURPOSE OF OBJECTING TO THE MAGISTRATE'S DECISION IN VIOLATION OF JUV.R. 40(D)(3)(b)(iii)."

II

{¶7} "THE TRIAL COURT ABUSED ITS DISCRETION BY NOT ALLOWING APPELLANT 30 DAYS TO FILE A TRANSCRIPT WITH THE COURT PURSUANT TO JUV.R.40(D)(3)(b)(iii)."

III

{¶8} "THE TRIAL COURT ABUSED ITS DISCRETION BY DENYING APPELLANT'S MOTION FOR LEGAL CUSTODY FOR LACK OF STANDING."

IV

{¶9} "THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED PREJUDICIAL ERROR BY DENYING APPELLANT'S OBJECTIONS TO THE MAGISTRATE'S DECISION FOR LACKING THE SPECIFICITY REQUIRED BY JUV.R. 40(D)(3)(b)(ii)."

I, II

{¶10} Appellant claims the trial court erred in denying him the transcripts of the magistrate's hearings and not giving him thirty days to file the transcripts in order to further pursue his objections under Juv.R. 40(D)(3)(b)(iii). We agree.

{¶11} Juv.R. 40(D)(3)(b) governs objections to magistrate's decision. Subsection (iii) states the following:

An objection to a factual finding, whether or not specifically designated as a finding of fact under Juv.R. 40(D)(3)(a)(ii), shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available. With leave of court, alternative technology or manner of reviewing the relevant evidence may be considered. The objecting party shall file the transcript or affidavit with the court within thirty days after filing objections unless the court extends the time in writing for preparation of the transcript or other good cause. If a party files timely objections prior to the date on which a transcript is prepared, the party may seek leave of court to supplement the objections.

{¶12} On September 18, 2013, appellant timely filed written objections to the magistrate's decision. Appellant claimed Findings of Fact Nos. 2 and 12 were against the manifest weight of the evidence and Conclusions of Law Nos. 1 and 2 were not supported by clear and convincing evidence. Appellant also stated: "Pursuant to Juv.R. 40(D)(3)(b)(iii), because this objection pertains to the factual findings of the Magistrate, and because these objections are filed prior to the preparation of a transcript, Mr. Hunley respectfully reserves the right to supplement these objections with leave of the court."

{¶13} The specific findings of fact objected to were as follows:

2. Since that time, progress on the case has been minimal, if at all. To start with, Richard Hunley remains in prison. He was convicted of multiple felony charges. At this time, his sentence will not expire until December of 2014. As Ms. Weber testified, just being released from prison will not put Mr. Hunley in a position where he could immediately assume the role of full-time parent. To his credit, Mr. Hunley recognizes he will not be in a position to parent in the foreseeable future, which is likely why he has asked that legal custody be granted to Vicki Faller.

12. Both Richard Hunley and Dewey Alkire have filed motions asking that [D.], [C.], and [K.] be placed in the legal custody of Vicki Faller. Statements of Understanding signed by Ms. Faller were presented to the undersigned. Ms. Faller herself did not testify, though it was related to the undersigned that she was in the hallway for the hearing on both dates. The only testimony presented with respect to Ms. Faller was that of Ms. Weber. Ms. Weber testified that Ms. Faller had been ruled out as a placement option. There was no completed home study for Ms. Faller, as she was evicted before the requested home study could be completed. Ms. Faller's health is also a concern for the undersigned, in that Ms. Weber testified that Ms. Faller told her she had suffered several mini-strokes and seizures.

{¶14} The specific conclusions of law objected to were as follows:

1. With respect to the motions asking that legal custody of [D.], [C.], and [K.] be granted to Vicki Faller, the undersigned recommends that those motions be denied. While both Mr. Hunley and Mr. Alkire did provide a Statement of Understanding signed by Ms. Faller, there was very little evidence presented with respect to Ms. Faller and the idea of legal custody. Ms. Weber testified to there being concerns about Ms. Faller's housing stability and her health. There was no evidence presented which showed that these concerns were unfounded. In fact, other than some questioning of Ms. Weber about Ms. Faller and the concerns Children Services has about placing the children with Ms. Faller, no other evidence was offered on the issue of legal custody. It would have been highly helpful for the undersigned to hear about the relationship Ms. Faller has with the children, her ability to meet the children's needs, and even some testimony which indicated that Ms. Weber's concerns were not warranted. Bottom line is that there was no evidence presented to demonstrate why a grant of legal custody is in the children's best interests. As such, the motions asking that legal custody of the children be granted to Vicki Faller should be denied.

2. With respect to the motion of Glenn Hunley asking that he be granted custody of [K.] and [D.], the undersigned has great concerns about this. Over the course of the case, Mr. Hunley's home was the subject of a sexual abuse investigation regarding his step-son and these two girls. For almost a year after the girls were moved as a result of these

allegations, Mr. Hunley did nothing with respect to the case. He didn't meet with the social workers. He didn't participate in services. He didn't see his own daughter. His explanation for why he did this was that he was angry with Children Services. How can the undersigned find that this man is committed to the future of these children when he let his anger toward a third party cause him to essentially abandon his daughter? The undersigned simply cannot begin to comprehend how a father can get angry at Children Services and then choose as a result of that anger to walk away from his child. On top of this, even when Mr. Hunley was at his most involved with the case, his attendance at visits was sporadic. His participation in substance abuse treatment was poor, combined with ongoing positive drug screens. As with the other motions for legal custody, there was simply not enough evidence presented to prove to the undersigned that this option is in the best interests of either of these girls. As such, this motion should also be denied.

{¶15} Also on September 18, 2013, appellant filed a motion for the preparation of the transcripts of the magistrate's hearings, as he was indigent. By order filed October 3, 2013, the trial court ruled as follows:

The Court hereby conditionally orders that transcripts from hearings in the above-captioned matter, held on March 13, 2013 and July 17, 2013, before Magistrate Strefelt, be prepared at public expense, for purposes of

Richard Hunley, father of [D.], perfecting an appeal to the Licking County Court of Appeals, Fifth Appellate District. HOWEVER, NO TRANSCRIPT WILL BE PREPARED UNLESS OR UNTIL THE FATHER, RICHARD HUNLEY, FILES A WRITTEN NOTICE OF APPEAL WITH THIS COURT.

{¶16} It is appellee's position that there was no need for the transcripts because appellant lacked standing to object to Finding of Fact No. 2 and Conclusion of Law No. 1, and appellant was going to be in prison for at least another year. Therefore, appellee argues it was harmless error not to give appellant the transcripts, and the trial court could have used alternative technology to review the record pursuant to Juv.R. 40(D)(3)(b)(iii).

{¶17} The tremendous trifle appellee fails to grasp is that after a two day hearing and transcripts (now filed) totaling 352 pages, appellant had requested the right to supplement his objections and arguments. All of these remedies are provided for in Juv.R. 40.

{¶18} Although it is appellee's position that judicial expediency has been met and a just result has occurred, we are unable to balance such an argument against the clear latitude offered objections under Juv.R. 40 to supplement objections after preparation of a transcript.

{¶19} Upon review, we find the trial court erred in denying appellant the transcripts to amend or supplement his objections pursuant to Juv.R. 40(D)(3)(b)(iii).

{¶20} Assignments of Error I and II are granted.

III, IV

{¶21} Appellant claims the trial court erred in denying his motion requesting legal custody of the child to Vicki Faller for lack of standing and denying his objections for lack of specificity.

{¶22} Because the matter is reversed and remanded for appellant to review the filed transcripts and amend or supplement his objections, we find these assignments to be premature.

{¶23} Assignments of Error III and IV are denied.

{¶24} The judgment of the Court of Common Pleas of Licking County, Ohio, Juvenile Division is hereby reversed, and the matter is remanded to said court for further proceedings consistent with this opinion.

By Farmer, J.

Hoffman, P.J. and

Baldwin, J. concur.


SGF/sg 321